FILED
08 JAN 22 PM 4:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  Lisa M. Martens (#195824/martens@fr.com)
2  Andrew M. Abrams (#229698/abrams@fr.com)
   FISH & RICHARDSON, P.C.
3  12390 El Camino Real
   San Diego, CA 92130
4  Telephone: (858) 678-4735
   Facsimile: (858) 678-5099

5  Attorneys for Plaintiffs
   BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0122 W LSP

BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.

Plaintiffs,

v.

SONY COMPUTER ENTERTAINMENT EUROPE LIMITED,

Defendant.

Civil Case No.

**COMPLAINT FOR:**

1. Trademark Infringement - 15 U.S.C. § 1114(1)
2. Trademark Infringement, Unfair Competition, and False Designation of Origin - 15 U.S.C. § 1125(a)
3. Trademark Infringement - Cal. Bus. & Prof. Code § 14335 *et seq.*
4. Unfair Competition - Cal. Bus. & Prof. Code §§ 17200 *et seq.*
5. Common Law Trademark Infringement

**JURY TRIAL DEMANDED**

**FILE BY FAX**

1

COMPLAINT
Case No.

Plaintiffs Buzztime Entertainment, Inc. and NTN Buzztime, Inc. hereby state and allege as follows:

## NATURE OF THE ACTION

1. This action seeks permanent injunctive relief and damages against Defendant's willful infringement of Plaintiff's family of "BUZZ" trademarks including **BUZZTIME, BUZZKIDS, BUZZHEAD, SHARE THE BUZZ,** and **BUZZTIME PLAY ALONG TV,** ("Buzztime Marks") under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, § 1051 et seq. (the "Lanham Act"), and for infringement, and unfair competition under California Business & Professions Code §§ 14335, 17200.

2. Buzztime Entertainment, Inc. and NTN Buzztime, Inc. (collectively, "Buzztime") are corporations organized under the laws of Delaware with a business address at 5966 La Place Court, Suite 100, Carlsbad, California 92008. Buzztime produces entertainment products, including its successful interactive trivia video games.

3. On information and belief, defendant Sony Computer Entertainment Europe ("Defendant") is a corporation organized under the laws of the United Kingdom with a business address of: 10 Great Marlborough Street, London W1F 7LP, United Kingdom.

4. On information and belief, Defendant is marketing and selling multiple versions of a trivia video game called "BUZZ!" Defendant promotes its products on the Internet at *http://www.us.playstation.com/buzz* and sells them through large retail stores, such as: Walmart, Target, Best Buy, Circuit City, Game Stop and EB Games.

5. Like Buzztime's trivia games, BUZZ! is played by connecting the video game console to a television screen. Both games use specially designed controllers featuring buttons that correspond to answer choices.

6. On information and belief, at least four commercials for "BUZZ the Mega Quiz" are available for viewing on the Playstation website at http://www.us.playstation.com/PS2/Games/Buzz_The_Mega_Quiz and at least two of those commercials feature the slogan "it's time to get buzzing." Defendant's trademarks and slogan will

2

COMPLAINT
Case No.

hereinafter be referred to collectively as the "BUZZ Marks."

7. On information and belief, Defendant has filed three intent-to-use trademark applications for BUZZ and BUZZ! in connection with products and services related to interactive video and computer games.

8. Defendant's BUZZ Marks are highly similar to and confusingly similar to the Buzztime Marks as they are used in the marketplace. Unless Defendant is enjoined from continuing to use marks confusingly similar to the Buzztime Marks to promote its goods and services, the Buzztime Marks will continue to be infringed, thereby destroying the goodwill that Buzztime has developed in the Buzztime Marks over the years, to the detriment of Buzztime and the public.

## JURISDICTION AND VENUE

9. This is a civil action arising under the Lanham Act, Title 15, United States Code, §§ 1051 *et seq.*, and under the common and statutory laws of California. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

10. Personal jurisdiction over the defendant is vested and venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Southern District of California because a substantial part of the events giving rise to the claims herein occurred in this District, Defendant sells the infringing product in this District, and Defendant owns and operates an interactive website that displays and promotes the BUZZ Marks in this District. The claims alleged herein arise out of or are related to the defendant's forum-related activities and the exercise of jurisdiction herein is otherwise reasonable.

11. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§1391(b) and (c) as the claims arise in this District and Defendant, a corporation, is subject to personal jurisdiction in this District.

## BACKGROUND

12. Since their introduction in 1985, Buzztime's video games have become extremely popular and widely recognized. Buzztime's trivia game shows, quizzes, trivia content and related

competitions as well as multiplayer card games, and Play-Along Sports™ games have been played by millions of loyal players at home and in restaurants and sports bars via the Buzztime Network, which is viewed by the players on television screens.

13. Buzztime owns one of the world's largest databases of game show trivia, which includes questions, answers, clues and fun facts. Buzztime operates an interactive television network used to distribute real-time trivia game shows, live sports prediction games, multiplayer games, and synchronous viewer polling.

14. In connection with the success of its entertainment products, Buzztime has obtained a sizable share of the trivia video game market in the hospitality industry, primarily in restaurants and bars. Buzztime estimates that its games are played by over 13 million people each month.

15. Buzztime also offers its games to subscribers via satellite and cable television and over the internet. It also sells a home television game console version, including accessories such as additional wireless game controllers and trivia content cartridges, and hand-held versions of the **BUZZTIME** trivia video game in retail stores and via the Internet (www.target.com, www.amazon.com and more specifically: http://www.target.com/gp/search/601-6082325-7948920?field-keywords=Buzztime&url=index%3Dtarget&ref=sr_bx_1_1&x=6&y=5). In addition, Buzztime sells an assortment of **BUZZTIME** trivia card games in retail stores (including Target and Toys-R-Us), as well as selling **BUZZTIME** trivia books through its publisher.

16. The Buzztime Marks are recognized not only by Buzztime's direct customers (primarily restaurants and bars) and channel distributors (including major retail chains, national cable and satellite operators and the online entertainment industry), but also by the end-users of the trivia video games.

17. "Buzztime" was first used as a trade name on December 2, 1999. **BUZZTIME** was first used as a trademark in February, 2000.

18. Since its first use of the **BUZZTIME** trademark in February, 2000, Buzztime has continuously and extensively promoted and offered its interactive video products in interstate commerce in connection with the **BUZZTIME** mark.

19. On August 24, 1999, Buzztime filed a United States Trademark Application for the **BUZZTIME** mark for use in connection with "production of cable and network television programs featuring interactive games; distribution of cable and network television programs featuring interactive games for others; entertainment in the nature of interactive games played via interactive television and an interactive global computer network; entertainment services, namely, operating interactive games played via telephone and a global computer network" in International Class 41. The **BUZZTIME** application matured to registration on June 12, 2001 (Reg. No. 2,460,367) and this registration became incontestable on June 12, 2007.

20. On February 10, 2005, Buzztime filed a United States Trademark Application for the **BUZZTIME** mark for use in connection with "equipment for playing a plug and play game, namely, video game machines for use with televisions, video game interactive remote control units, video game cartridges and interactive video game programs" in International Class 9; and for "card games" in International Class 28. The **BUZZTIME** application matured to registration on September 18, 2007 (Reg. No. 3,294,791).

21. Buzztime owns additional trademarks which are used in connection with interactive video games, including: **BUZZKIDS** (Reg. No. 2,908.923), **BUZZHEAD** (Reg. No. 2,961,762), **SHARE THE BUZZ** (Reg. No. 2,583,460) and **BUZZTIME PLAY ALONG TV** (Reg. No. 3,316,718). These trademarks constitute a family of "BUZZ" trademarks which Buzztime has used extensively in the interactive video game field and which are recognized by consumers and associated with Buzztime.

22. In the more than seven years that Buzztime has been continuously using the Buzztime Marks in interstate commerce, Buzztime has advertised and promoted its goods and services under the Buzztime Marks in a variety of media, including but not limited to its privately operated interactive network television (the Buzztime Network), general circulation and specialized print media, industry trade shows, satellite and the Internet. BUZZTIME has spent immeasurable time and resources developing, launching, and promoting the Buzztime Marks.

23. Buzztime's use of the Buzztime Marks has been exclusive and continuous since long

prior to the date of Defendant's first use of the infringing BUZZ Marks referenced herein.

### Defendant's Wrongful Conduct

24. On information and belief, on or about December 1, 2004, Defendant filed an intent-to-use application with the United States Patent and Trademark Office for the word BUZZ for use in connection with "computer hardware; computer and video game apparatus namely, joysticks, control pads, handheld interactive controllers; computer and video game tapes and cassettes; computer and video game programs; computer peripherals; compact discs, video discs, DVD's; audio and video recordings featuring computer and video game excerpts and content" in International Class 9; "toys, games and playthings, namely handheld units for playing electronic games" in International Class 28; and "entertainment services, namely, providing online computer games" in International Class 41.

25. On information and belief, on or about May 9, 2005, Defendant filed a second intent-to-use application with the United States Patent and Trademark Office for the word BUZZ for use in connection with "instructional manuals, and strategy guides for computer and video games; and books in the field of quizzes and knowledge of trivia" in International Class 16.

26. On information and belief, on or about May 26, 2005, Defendant filed a third intent-to-use application with the United States Patent and Trademark Office for use in connection with "computer hardware; computer and video game apparatus namely, joysticks, control pads, handheld interactive controllers; computer and video game tapes and cassettes; computer and video game programs; computer peripherals; prerecorded compact discs, video discs, DVD's, featuring computer and video game excerpts and content; compact disc, digital video disc and video disc recordings featuring computer and video game excerpts and content" in International Class 9; "instructional manuals, and printed strategy guides for computer and video games; books in the field of quizzes and knowledge of trivia" in International Class 16; and "handheld units for playing electronic games" in International Class 28.

27. On information and belief, Defendant had full knowledge of Buzztime's trade name and the Buzztime Marks before Defendant filed its intent-to-use applications and before it adopted

COMPLAINT
Case No.

1 and began using the infringing BUZZ Marks.

28. On information and belief, Defendant intentionally chose the BUZZ Marks for use in connection with its competing trivia video games to mislead consumers into believing that Defendant's business is somehow affiliated with Buzztime and Buzztime's products.

29. On information and belief, Defendant has adopted and now uses BUZZ as the name of its trivia video game, which it promotes on the Internet through websites located at *http://www.us.playstation.com/PS2/Games/Buzz_The_Mega_Quiz* and *http://www.us.playstation.com/buzz/*. Defendant's trivia video games are also available for purchase from many large retailers, including: Walmart, Target, Best Buy, Circuit City, Game Stop and EB Games.

30. On information and belief, Defendant has adopted the slogan "it's time to get buzzing" for its BUZZ trivia video games. This slogan appears in two commercials available for viewing at *http://www.us.playstation.com/PS2/Games/Buzz_The_Mega_Quiz*.

31. Buzztime has not consented to Defendant's use of the BUZZ Marks for use in connection with its trivia video game, nor has Buzztime sponsored, endorsed or approved the services offered and promoted by Defendant.

32. On information and belief, Defendant has adopted and uses the BUZZ Marks for the purposes of misleading and confusing the public about its association with Buzztime, and trading on the goodwill and reputation of Buzztime and the Buzztime Marks.

33. Defendant's first commercial use of the BUZZ Marks in connection with its goods and services occurred after Buzztime's first use of the Buzztime Marks in connection with its goods and services.

34. Defendant's first commercial use of the BUZZ Marks occurred after Buzztime's first use of the Buzztime Marks.

35. Defendant uses the BUZZ Marks in connection with goods and services that are closely related to Buzztime's goods and services offered in connection with the Buzztime Marks.

36. Defendant's promotion and sales of its goods and services under the BUZZ Marks

7

COMPLAINT
Case No.

are directed to consumers of Buzztime's services and are conducted through the same channels of trade as are used by Buzztime to promote and sell its goods and services under the Buzztime Marks.

37. Defendant's use of the BUZZ Marks and Defendant's actions described herein are likely to cause confusion, deception and/or mistake as to: (a) the source or origin of Defendant's services; and (b) whether Buzztime sponsors, endorses, or approves Defendant or its services or is otherwise affiliated with Defendant.

38. Defendant's use of the BUZZ Marks and its actions described herein have been, and continue to be, deliberate, willful, and with blatant disregard of Buzztime's rights.

39. Defendant's continuing conduct constitutes an ongoing threat to the public and to Buzztime. Buzztime has sustained and will continue to sustain irreparable injury as a result of Defendant's conduct, which injury is not compensable solely by the award of monetary damages. Unless Defendant is restrained and enjoined from engaging in its infringing conduct, Buzztime will continue to suffer irreparable injury.

## FIRST CAUSE OF ACTION
### (Trademark Infringement – 15 U.S.C. § 1114(1))

40. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

41. Prior to Defendant's adoption and use of the BUZZ Marks, Defendant had actual and/or constructive knowledge (pursuant to 15 U.S.C. § 1072) of Buzztime's ownership and registrations of the Buzztime Marks.

42. On information and belief, Defendant was aware of Buzztime's business and the Buzztime Marks prior to Defendant's adoption of the BUZZ Marks in connection with its business.

43. On information and belief, Defendant deliberately and willfully used and is using the BUZZ Marks in an attempt to trade on the goodwill and reputation established by Buzztime under the Buzztime Marks and to create a false impression of association with Buzztime.

44. On information and belief, the goods and services offered and/or sold by Defendant under the BUZZ Marks are moving and will continue to move through the same channels of trade,

and are being offered and/or sold through the same channels of advertising and to the same consumer groups, as the goods and services that are offered and sold by Buzztime under the Buzztime Marks.

45. Buzztime has not consented to Defendant's use of the BUZZ Marks.

46. Defendant's unauthorized use of the BUZZ Marks falsely indicates to consumers that Defendant's goods and/or services are in some manner connected with, sponsored by, affiliated with, or related to Buzztime, and/or the products and services of Buzztime.

47. Defendant's unauthorized use of the BUZZ Marks is also likely to cause consumers to be confused as to the source, nature and quality of the goods and/or services that Defendant is selling in connection with the BUZZ Marks.

48. Defendant's unauthorized use of the BUZZ Marks, as set forth herein, facilitates the acceptance of Defendant's goods and/or services throughout the marketplace, not based on the quality of the goods and services provided by Defendant, but on the association that the public is likely to make with Buzztime and the reputation and goodwill associated with Buzztime's goods and services.

49. Defendant's unauthorized use of the BUZZ Marks deprives Buzztime of the ability to control the quality of the goods and services marketed under the BUZZ Marks, and instead, places Buzztime's valuable reputation and goodwill into the hands of Defendant, over whom Buzztime has no control.

50. Defendant's conduct is likely to cause confusion or mistake, or to deceive consumers or potential consumers wishing to purchase Buzztime's products and services, and is also likely to confuse consumers as to an affiliation between Buzztime and Defendant.

51. The aforementioned acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

52. The intentional and willful nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

53. Buzztime has been, is now, and will be irreparably harmed by Defendant's

COMPLAINT
Case No.

aforementioned acts of infringement, and unless enjoined by the Court, Defendant will continue to infringe upon the Buzztime Marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## SECOND CAUSE OF ACTION
### (Trademark Infringement, Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))

54. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

55. Buzztime is informed and believes that Defendant chose the BUZZ Marks, and took the other actions alleged above, to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of the goods and services of Defendant, deliberately to pass off Defendant's goods and services as those of Buzztime, and/or to falsely imply an association with Buzztime.

56. Defendant's acts as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of the goods and services of Defendant.

57. Defendant's conduct constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

58. Unless enjoined, Defendant will continue its infringing conduct.

59. As a direct and proximate result of Defendant's infringing conduct, Buzztime has suffered and will continue to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law, and has lost sales and profits in an amount not yet fully ascertained.

60. Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate entitling Buzztime to an accounting of Defendant's profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
(Trademark Infringement – Cal. Bus. & Prof. Code § 14335)

61. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

62. Defendant engaged in the acts as alleged herein to enhance the commercial value of its goods or services.

63. Defendant's acts as alleged herein constitute, among other things, unauthorized use or infringement of Buzztime's trademark rights under California Business and Professions Code § 14335.

64. Unless enjoined, Defendant will continue its infringing conduct.

65. As a direct and proximate result of Defendant's infringing conduct, Buzztime has suffered and will continue to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law.

### FOURTH CAUSE OF ACTION
(Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof. Code § 17200 *et seq.*)

66. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

67. Defendant's business practices alleged above are unfair and offend public policy as they were unlawful, unfair, unscrupulous, and substantially injurious to Buzztime and consumers.

68. The above acts by Defendant constitute unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

69. Pursuant to California Business and Professions Code § 17203, Buzztime is entitled to enjoin these practices.

70. Without injunctive relief, Buzztime has no means by which to control Defendant's deceptive and confusing use and advertising of its marks. Buzztime is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition, and

COMPLAINT
Case No.

appropriate restitution remedies, pursuant to California Business and Professions Code § 17203.

## FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

71. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

72. Defendant's unauthorized use of the BUZZ Marks in interstate commerce and in the State of California in connection with the promotion and sale of Defendant's goods and services constitutes a false designation of origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact which constitutes an infringement of Buzztime's trademark rights in and to the Buzztime Marks, and is likely to cause, and upon information and belief has actually caused, confusion, and mistake, and/or deception as to the affiliation, connection or association of Defendant and Buzztime, and/or as to the origin, sponsorship, or approval of Defendant's goods by Buzztime.

73. Buzztime has been damaged and has suffered irreparable injury due to Defendant's acts and will continue to suffer irreparable injury unless Defendant's activities are enjoined.

74. Buzztime has suffered and will continue to suffer substantial damages by reason of Defendant's acts as alleged above and Buzztime is entitled to recover from Defendant the damages sustained as a result of Defendant's acts.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Buzztime respectfully requests that this Court enter an Order granting the following relief:

a) For judgment that the Buzztime Marks have been and continue to be infringed by Defendant;

b) Permanently enjoining Defendant and each of its agents, employees, servants, officers, directors, successors in interest, heirs, assigns and all persons, firms or corporations, acting by or under their authority, in active concert or privity or in participation with it, from using the BUZZ Marks or any confusingly similar marks in any way or using any word, words,

12

      phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, the BUZZ mark and the slogan "its time to get buzzing," in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of Defendant's business, services, and goods;

c) Permanently enjoining Defendant to recall from all its offices and all others, whether persons, firms, or corporations, acting by or under their authority, in active concert or privity or in participation with it, any material containing the BUZZ Marks in any way and any word, words, phrases, symbols, logos, any combination of words or symbols that would create a likelihood of confusion, mistake and/or deception therewith, including, without limitation, the BUZZ mark and the slogan "its time to get buzzing," in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of Defendant's business, goods and services;

d) Permanently enjoining Defendant, its officers, agents, employees, and all persons acting in concert with them, from infringing the Buzztime trade name, the Buzztime Marks, and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from its misappropriation of the rights of Buzztime and all affiliated and related companies of Buzztime in these marks;

e) Requiring Defendant to destroy, at its sole and exclusive cost, all materials in its possession or under its control that contain infringements of the Buzztime trade name and/or the Buzztime Marks;

f) Ordering the Director of the United States Patent and Trademark Office to order that Defendant is not entitled to any trademark registrations for the BUZZ Marks and any word, words, phrases, symbols, logos, or any combination of words or symbols that would create a likelihood of confusion, mistake, and/or deception therewith, including, without limitation, Defendant's Trademark Application Serial Numbers 78/625,529; 78/525,239; and

COMPLAINT
Case No.

78/637,682;

g) For all actual damages sustained by Buzztime as the result of Defendant's acts of infringement and/or, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117;

h) For an accounting of the profits of Defendant resulting from its acts of infringement and/or pursuant to 15 U.S.C. § 1117;

i) For enhanced damages pursuant to 15 U.S.C. § 1117;

j) For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law;

k) Awarding to Buzztime punitive damages in an amount sufficient to deter and punish Defendant;

l) For Buzztime's costs of suit, including its reasonable litigation expenses, pursuant to 15 U.S.C. § 1117; and

m) Granting Buzztime such additional, other, or further relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

DATED: January 22, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _____
Lisa M. Martens
Andrew M. Abrams

Attorneys for Plaintiffs
BUZZTIME ENTERTAINMENT, INC. and
NTN BUZZTIME, INC.

JS 44 (Rev 11/04)

# CIVIL COVER SHEET     FILE BY FAX

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.

(b) County of Residence of First Listed Plaintiff  Carlsbad
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
SONY COMPUTER ENTERTAINMENT EUROPE LIMITED
County of Residence of First Listed Defendant  London
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorneys (Firm Name, Address, and Telephone Number)
Lisa M. Martens
Andrew M. Abrams
Fish & Richardson P.C. (Southern California)
12390 El Camino Real
San Diego, California 92130
(858) 678-5070

Attorneys (If Known)

'08 CV 0122 W LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth In Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  | ☐ 890 Other Statutory Actions |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity.))
Brief description of cause: Trademark infringement, and unfair competition, Title 15, U.S. Code 1114(1), 1125(a).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
Demand: $
CHECK YES only if demanded in Complaint
JURY DEMAND  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See Instructions) JUDGE:    DOCKET NUMBER

DATE 1-22-08   SIGNATURE OF ATTORNEY OF RECORD  /s/ Lisa M. Martens   TYPE NAME OF ATTORNEY  Lisa M. Martens

FOR OFFICE USE ONLY
RECEIPT # 146711   AMOUNT $350   1/22/08 BH   APPLYING IFP   JUDGE   MAG. JUDGE

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 146711      - BH

         January 22, 2008
            16:19:51


         Civ Fil Non-Pris
USAO #.: 08CV0122 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                  $350.00 CK
Check#.: BC# 0038167, 383



 Total->   $350.00



 FROM: BUZZTIME ENTERTAINMENT V.
       SONY COMPUTER ENT.
       CIVIL FILING
       BC#S 0038167, 0038313
```