Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON, P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-4735
Facsimile: (858) 678-5099

Attorneys for Plaintiffs
BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SONY COMPUTER ENTERTAINMENT EUROPE, LTD. and SONY COMPUTER ENTERTAINMENT AMERICA, INC.,<br><br>　　　　　　Defendants. | Civil Case No. 08 CV 0122 W LSP<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Trademark Infringement - 15 U.S.C. § 1114(1)<br>2. Trademark Infringement, Unfair Competition, and False Designation of Origin - 15 U.S.C. § 1125(a)<br>3. Trademark Infringement - Cal. Bus. & Prof. Code § 14335 *et seq.*<br>4. Unfair Competition - Cal. Bus. & Prof. Code §§ 17200 *et seq.*<br>5. Common Law Trademark Infringement<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Buzztime Entertainment, Inc. and NTN Buzztime, Inc. hereby state and allege as follows:

### NATURE OF THE ACTION

1.      This action seeks permanent injunctive relief and damages against Defendants' willful infringement of Plaintiffs' family of "BUZZ" trademarks including **BUZZTIME**, **BUZZKIDS**, **BUZZHEAD**, **SHARE THE BUZZ**, and **BUZZTIME PLAY ALONG TV**, ("Buzztime Marks") under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, § 1051 et seq. (the "Lanham Act"), and for infringement, and unfair competition under California Business & Professions Code §§ 14335, 17200.

2.      Buzztime Entertainment, Inc. and NTN Buzztime, Inc. (collectively, "Buzztime") are corporations organized under the laws of Delaware with a business address at 5966 La Place Court, Suite 100, Carlsbad, California 92008. Buzztime produces entertainment products, including its successful interactive trivia video games.

3.      On information and belief, Defendant Sony Computer Entertainment Europe Ltd. is a limited company organized under the laws of the United Kingdom with a business address of: 10 Great Marlborough Street, London W1F 7LP, United Kingdom.

4.      On information and belief, Defendant Sony Computer Entertainment America, Inc. is a corporation existing under the laws of Delaware with a business address of: 919 E Hillsdale Blvd, Foster City, CA 94404.

5.      Defendants Sony Computer Entertainment Europe, Ltd. and Sony Computer Entertainment America, Inc. are collectively referred to in this complaint as "Defendants."

6.      On information and belief, Defendants are marketing and selling multiple versions of a trivia video game called "BUZZ!" Defendants promote their products on the Internet at *http://www.us.playstation.com/*.

7.      On information and belief, four commercials for "BUZZ the Mega Quiz" are available for viewing on the Playstation website at http:*//www.us.playstation.com/PS2/Games/Buzz_The_Mega_Quiz* and at least two of those commercials feature the slogan "It's Time To Get Buzzing."

2

8.     On information and belief, Defendant Sony Computer Entertainment Europe has filed three intent-to-use trademark applications for BUZZ and BUZZ! in connection with products and services related to interactive video and computer games.  Defendants' trademarks and the slogan "It's Time To Get Buzzing" will hereinafter be referred to collectively as the "BUZZ Marks."

9.     On information and belief, Defendants sell the BUZZ! games primarily through large retail stores, such as: Walmart, Target, Best Buy, Circuit City, Game Stop and EB Games.

10.     Like Buzztime's trivia games, BUZZ! is played by connecting the video game console to a television screen.  Both BUZZ! and Buzztime games use specially designed controllers featuring buttons that correspond to answer choices.

11.     The BUZZ Marks are highly similar to and confusingly similar to the Buzztime Marks as they are used in the marketplace.  Unless Defendants are enjoined from continuing to use marks confusingly similar to the Buzztime Marks to promote their goods and services, the Buzztime Marks will continue to be infringed, thereby destroying the goodwill that Buzztime has developed in the Buzztime Marks over the years, to the detriment of Buzztime and the public.

## JURISDICTION AND VENUE

12.     This is a civil action arising under the Lanham Act, Title 15, United States Code, §§ 1051 *et seq.*, and under the common and statutory laws of California.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

13.     Personal jurisdiction over the defendant is vested and venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Southern District of California because a substantial part of the events giving rise to the claims herein occurred in this District, Defendants sell the infringing product in this District, and Defendants own and operate an interactive website that display and promote the BUZZ Marks in this District.  The claims alleged herein arise out of or are related to the Defendants' forum-related activities and the exercise of jurisdiction herein is otherwise reasonable.

14.     Venue is proper in the United States District Court for the Southern District of

1   California pursuant to 28 U.S.C. §§1391(b) and (c) as the claims arise in this District and

2   Defendants, corporations, are subject to personal jurisdiction in this District.

3                                    **BACKGROUND**

4          15.     Since their introduction in 1985, Buzztime's video games have become extremely

5   popular and widely recognized.  Buzztime's trivia game shows, quizzes, trivia content and related

6   competitions as well as multiplayer card games, and Play-Along Sports™ games have been played

7   by millions of loyal players at home and in restaurants and sports bars via the Buzztime Network,

8   which is viewed by the players on television screens.

9          16.     Buzztime owns one of the world's largest databases of game show trivia, which

10  includes questions, answers, clues and fun facts.  Buzztime operates an interactive television

11  network used to distribute real-time trivia game shows, live sports prediction games, multiplayer

12  games, and synchronous viewer polling.

13         17.     In connection with the success of its entertainment products, Buzztime has obtained

14  a sizable share of the trivia video game market in the hospitality industry, primarily in restaurants

15  and bars.  Buzztime estimates that its games are played by over 13 million people each month.

16         18.     Buzztime also offers its games to subscribers via satellite and cable television and

17  over the internet.  It also sells a home television game console version, including accessories such

18  as additional wireless game controllers and trivia content cartridges, and hand-held versions of the

19  **BUZZTIME** trivia video game in retail stores and via the Internet (*www.target.com*,

20  *www.amazon.com* and more specifically: *http://www.target.com/gp/search/601-6082325-*

21  *7948920?field-keywords=Buzztime&url=index%3Dtarget&ref=sr_bx_1_1&x=6&y=5*).  In

22  addition, Buzztime sells an assortment of **BUZZTIME** trivia card games in retail stores (including

23  Target and Toys-R-Us), as well as selling **BUZZTIME** trivia books through its publisher.

24         19.     The Buzztime Marks are recognized not only by Buzztime's direct customers

25  (primarily restaurants and bars) and channel distributors (including major retail chains, national

26  cable and satellite operators and the online entertainment industry), but also by the end-users of the

27  trivia video games.

28         20.     "Buzztime" was first used as a trade name on December 2, 1999.  **BUZZTIME** was

                                             4

                                                         Case No. 08 CV 0122 W LSP

1    first used as a trademark in February, 2000.

2        21.    Since its first use of the **BUZZTIME** trademark in February, 2000, Buzztime has

3    continuously and extensively promoted and offered its interactive video products in interstate

4    commerce in connection with the **BUZZTIME** mark.

5        22.    On August 24, 1999, Buzztime filed a United States Trademark Application for the

6    **BUZZTIME** mark for use in connection with "production of cable and network television

7    programs featuring interactive games; distribution of cable and network television programs

8    featuring interactive games for others; entertainment in the nature of interactive games played via

9    interactive television and an interactive global computer network; entertainment services, namely,

10   operating interactive games played via telephone and a global computer network" in International

11   Class 41.  The **BUZZTIME** application matured to registration on June 12, 2001 (Reg.

12   No. 2,460,367) and this registration became incontestable on June 12, 2007.

13       23.    On February 10, 2005, Buzztime filed a United States Trademark Application for the

14   **BUZZTIME** mark for use in connection with "equipment for playing a plug and play game,

15   namely, video game machines for use with televisions, video game interactive remote control units,

16   video game cartridges and interactive video game programs" in International Class 9; and for "card

17   games" in International Class 28.  The **BUZZTIME** application matured to registration on

18   September 18, 2007 (Reg. No. 3,294,791).

19       24.    Buzztime owns additional trademarks which are used in connection with interactive

20   video games, including: **BUZZKIDS** (Reg. No. 2,908.923), **BUZZHEAD** (Reg. No. 2,961,762),

21   **SHARE THE BUZZ** (Reg. No. 2,583,460) and **BUZZTIME PLAY ALONG TV** (Reg. No.

22   3,316,718).  These trademarks constitute a family of "BUZZ" trademarks which Buzztime has used

23   extensively in the interactive video game field and which are recognized by consumers and

24   associated with Buzztime.

25       25.    In the more than seven years that Buzztime has been continuously using the

26   Buzztime Marks in interstate commerce, Buzztime has advertised and promoted its goods and

27   services under the Buzztime Marks in a variety of media, including but not limited to its privately

28   operated interactive network television (the Buzztime Network), general circulation and specialized

5

1  print media, industry trade shows, satellite and the Internet.  BUZZTIME has spent immeasurable

2  time and resources developing, launching, and promoting the Buzztime Marks.

3      26.    Buzztime's use of the Buzztime Marks has been exclusive and continuous since long

4  prior to the date of Defendants' first use of the infringing BUZZ Marks referenced herein.

5                          **Defendants' Wrongful Conduct**

6      27.    On information and belief, on or about December 1, 2004, Defendant Sony

7  Entertainment Europe filed an intent-to-use application with the United States Patent and

8  Trademark Office for the word BUZZ for use in connection with "computer hardware; computer

9  and video game apparatus namely, joysticks, control pads, handheld interactive controllers;

10  computer and video game tapes and cassettes; computer and video game programs; computer

11  peripherals; compact discs, video discs, DVD's; audio and video recordings featuring computer and

12  video game excerpts and content" in International Class 9; "toys, games and playthings, namely

13  handheld units for playing electronic games" in International Class 28; and "entertainment services,

14  namely, providing online computer games" in International Class 41.

15      28.    On information and belief, on or about May 9, 2005, Defendant Sony Entertainment

16  Europe filed a second intent-to-use application with the United States Patent and Trademark Office

17  for the word BUZZ for use in connection with "instructional manuals, and strategy guides for

18  computer and video games; and books in the field of quizzes and knowledge of trivia" in

19  International Class 16.

20      29.    On information and belief, on or about May 26, 2005, Defendant Sony Entertainment

21  Europe filed a third intent-to-use application with the United States Patent and Trademark Office

22  for use in connection with "computer hardware; computer and video game apparatus namely,

23  joysticks, control pads, handheld interactive controllers; computer and video game tapes and

24  cassettes; computer and video game programs; computer peripherals; prerecorded compact discs,

25  video discs, DVD's, featuring computer and video game excerpts and content; compact disc, digital

26  video disc and video disc recordings featuring computer and video game excerpts and content" in

27  International Class 9; "instructional manuals, and printed strategy guides for computer and video

28  games; books in the field of quizzes and knowledge of trivia" in International Class 16; and

                                    6

1   "handheld units for playing electronic games" in International Class 28.

2       30.     On information and belief, Defendants had full knowledge of Buzztime's trade name

3   and the Buzztime Marks before filing the intent-to-use applications and before adopting the

4   infringing BUZZ Marks.

5       31.     On information and belief, Defendants intentionally chose the BUZZ Marks for use

6   in connection with its competing trivia video games to mislead consumers into believing that

7   Defendants' businesses are somehow affiliated with Buzztime and Buzztime's products.

8       32.     On information and belief, Defendants have adopted and now use BUZZ as the name

9   of their trivia video games, which they promote on the Internet through websites located at

10  *http://www.us.playstation.com/.*  The *us.playstation.com* website contains various promotional

11  webpages, including: *http://www.us.playstation.com/buzz/,*

12  *http://www.us.playstation.com/PS2/Games/Buzz_The_Mega_Quiz,*

13  *http://www.us.playstation.com/PS2/Games/Buzz_The_Mega_Quiz_Game_Only,*

14  *http://www.us.playstation.com/PS2/Games/Buzz_Junior_Jungle_Party,*

15  *http://www.us.playstation.com/PS2/Games/Buzz_Jr_Jungle_Party_Game_Only,*

16  *http://www.us.playstation.com/PS2/Games/Buzz_Jr_RoboJam_Bundle,*

17  *http://www.us.playstation.com/PS2/Games/Buzz_Jr_RoboJam_Game_Only,*

18  *http://www.us.playstation.com/PS2/Games/Buzz_The_Hollywood_Quiz_Bundle, and*

19  *http://www.us.playstation.com/PS2/Games/Buzz_The_Hollywood_Quiz_Game_Only.*

20      33.     Defendants' trivia video games are available for purchase from many large retailers,

21  including: Walmart, Target, Best Buy, Circuit City, Game Stop and EB Games.

22      34.     On information and belief, Defendants have adopted the slogan "It's Time To Get

23  Buzzing" for its BUZZ trivia video games.  This slogan appears in two commercials available for

24  viewing at *http://www.us.playstation.com/PS2/Games/Buzz_The_Mega_Quiz.*  The slogan also

25  appears on the front of the product packaging for the trivia game "BUZZ! the Mega Quiz."

26      35.     Buzztime has not consented to Defendants' use of the BUZZ Marks in connection

27  with its trivia video games, nor has Buzztime sponsored, endorsed or approved the services offered

28  and promoted by Defendants.

Case No. 08 CV 0122 W LSP

36.    On information and belief, Defendants have adopted and use the BUZZ Marks for the purposes of misleading and confusing the public about their association with Buzztime, and trading on the goodwill and reputation of Buzztime and the Buzztime Marks.

37.    Defendants' first commercial use of the BUZZ Marks in connection with their goods and services occurred after Buzztime's first use of the Buzztime Marks in connection with its goods and services.

38.    Defendants' first commercial use of the BUZZ Marks occurred after Buzztime's first use of the Buzztime Marks.

39.    Defendants use the BUZZ Marks in connection with goods and services that are closely related to Buzztime's goods and services offered in connection with the Buzztime Marks.

40.    Defendants' promotion and sales of their goods and services under the BUZZ Marks are directed to consumers of Buzztime's services and are conducted through the same channels of trade as are used by Buzztime to promote and sell its goods and services under the Buzztime Marks.

41.    Defendants' use of the BUZZ Marks and Defendants' actions described herein are likely to cause confusion, deception and/or mistake as to: (a) the source or origin of Defendants' services; and (b) whether Buzztime sponsors, endorses, or approves Defendants or their services or is otherwise affiliated with Defendants.

42.    Defendants' use of the BUZZ Marks and their actions described herein have been, and continue to be, deliberate, willful, and with blatant disregard of Buzztime's rights.

43.    Defendants' continuing conduct constitutes an ongoing threat to the public and to Buzztime.  Buzztime has sustained and will continue to sustain irreparable injury as a result of Defendants' conduct, which injury is not compensable solely by the award of monetary damages. Unless Defendants are restrained and enjoined from engaging in their infringing conduct,  Buzztime will continue to suffer irreparable injury.

## FIRST CAUSE OF ACTION
### (Trademark Infringement – 15 U.S.C. § 1114(1))

44.    Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

Case No. 08 CV 0122 W LSP

45. Prior to Defendants' adoption and use of the BUZZ Marks, Defendants had actual and/or constructive knowledge (pursuant to 15 U.S.C. § 1072) of Buzztime's ownership and registrations of the Buzztime Marks.

46. On information and belief, Defendants were aware of Buzztime's business and the Buzztime Marks prior to Defendants' adoption of the BUZZ Marks in connection with their business.

47. On information and belief, Defendants deliberately and willfully used and are using the BUZZ Marks in an attempt to trade on the goodwill and reputation established by Buzztime under the Buzztime Marks and to create a false impression of association with Buzztime.

48. On information and belief, the goods and services offered and/or sold by Defendants under the BUZZ Marks are moving and will continue to move through the same channels of trade, and are being offered and/or sold through the same channels of advertising and to the same consumer groups, as the goods and services that are offered and sold by Buzztime under the Buzztime Marks.

49. Buzztime has not consented to Defendants' use of the BUZZ Marks.

50. Defendants' unauthorized use of the BUZZ Marks falsely indicates to consumers that Defendants' goods and/or services are in some manner connected with, sponsored by, affiliated with, or related to Buzztime, and/or the products and services of Buzztime.

51. Defendants' unauthorized use of the BUZZ Marks is also likely to cause consumers to be confused as to the source, nature and quality of the goods and/or services that Defendants are selling in connection with the BUZZ Marks.

52. Defendants' unauthorized use of the BUZZ Marks, as set forth herein, facilitates the acceptance of Defendants' goods and/or services throughout the marketplace, not based on the quality of the goods and services provided by Defendants, but on the association that the public is likely to make with Buzztime and the reputation and goodwill associated with Buzztime's goods and services.

53. Defendants' unauthorized use of the BUZZ Marks deprives Buzztime of the ability to control the quality of the goods and services marketed under the BUZZ Marks, and instead,

9

1  places Buzztime's valuable reputation and goodwill into the hands of Defendants, over whom

2  Buzztime has no control.

3      54.     Defendants' conduct is likely to cause confusion or mistake, or to deceive consumers

4  or potential consumers wishing to purchase Buzztime's products and services, and is also likely to

5  confuse consumers as to an affiliation between Buzztime and Defendants.

6      55.     The aforementioned acts of Defendants constitute federal trademark infringement in

7  violation of 15 U.S.C. § 1114.

8      56.     The intentional and willful nature of Defendants' acts makes this an exceptional case

9  under 15 U.S.C. § 1117(a).

10      57.     Buzztime has been, is now, and will be irreparably harmed by Defendants'

11  aforementioned acts of infringement, and unless enjoined by the Court, Defendants will continue to

12  infringe upon the Buzztime Marks.  There is no adequate remedy at law for the harm caused by the

13  acts of infringement alleged herein.

14

15                    **SECOND CAUSE OF ACTION**
              **(Trademark Infringement, Unfair Competition, and False**
16              **Designation of Origin – 15 U.S.C. § 1125(a))**

17      58.     Buzztime incorporates herein by reference each and every allegation in the preceding

18  paragraphs.

19      59.     Buzztime is informed and believes that Defendants chose the BUZZ Marks, and took

20  the other actions alleged above, to cause confusion or mistake, or to deceive the public as to the

21  origin, sponsorship, association or approval of the goods and services of Defendants, deliberately to

22  pass off Defendants' goods and services as those of Buzztime, and/or to falsely imply an association

23  with Buzztime.

24      60.     Defendants' acts as alleged herein constitute, among other things, false designations

25  of origin, false or misleading descriptions of fact, or false or misleading representations of fact

26  which are likely to cause confusion or mistake, or to deceive the public as to the origin,

27  sponsorship, association or approval of the goods and services of Defendants.

28      61.     Defendants' conduct constitutes trademark infringement and unfair competition in

10

1   violation of 15 U.S.C. § 1125(a).

2       62.     Unless enjoined, Defendants will continue their infringing conduct.

3       63.     As a direct and proximate result of Defendants' infringing conduct, Buzztime has

4   suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

5   which no adequate remedy exists at law, and has lost sales and profits in an amount not yet fully

6   ascertained.

7       64.     Defendants' conduct complained of herein is malicious, fraudulent, knowing, willful,

8   and deliberate entitling Buzztime to an accounting of Defendants' profits, increased damages, and

9   an award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
### (Trademark Infringement – Cal. Bus. & Prof. Code § 14335)

10

11

12      65.     Buzztime incorporates herein by reference each and every allegation in the preceding

13  paragraphs.

14      66.     Defendants engaged in the acts as alleged herein to enhance the commercial value of

15  their goods or services.

16      67.     Defendants' acts as alleged herein constitute, among other things, unauthorized use

17  or infringement of Buzztime's trademark rights under California Business and Professions Code

18  § 14335.

19      68.     Unless enjoined, Defendants will continue their infringing conduct.

20      69.     As a direct and proximate result of Defendants' infringing conduct, Buzztime has

21  suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

22  which no adequate remedy exists at law.

23  ## FOURTH CAUSE OF ACTION
### (Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof. Code § 17200 *et seq.*)

24

25      70.     Buzztime incorporates herein by reference each and every allegation in the preceding

26  paragraphs.

27      71.     Defendants' business practices alleged above are unfair and offend public policy as

28  they were unlawful, unfair, unscrupulous, and substantially injurious to Buzztime and consumers.

11

72.     The above acts by Defendants constitute unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

73.     Pursuant to California Business and Professions Code § 17203, Buzztime is entitled to enjoin these practices.

74.     Without injunctive relief, Buzztime has no means by which to control Defendants' deceptive and confusing use and advertising of its marks.  Buzztime is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition, and appropriate restitution remedies, pursuant to California Business and Professions Code § 17203.

### FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

75.     Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

76.     Defendants' unauthorized use of the BUZZ Marks in interstate commerce and in the State of California in connection with the promotion and sale of Defendants' goods and services constitutes a false designation of origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact which constitutes an infringement of Buzztime's trademark rights in and to the Buzztime Marks, and is likely to cause, and upon information and belief has actually caused, confusion, and mistake, and/or deception as to the affiliation, connection or association of Defendants and Buzztime, and/or as to the origin, sponsorship, or approval of Defendants' goods by Buzztime.

77.     Buzztime has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

78.     Buzztime has suffered and will continue to suffer substantial damages by reason of Defendants' acts as alleged above and Buzztime is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

12

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Buzztime respectfully requests that this Court enter an Order granting the following relief:

a) For judgment that the Buzztime Marks have been and continue to be infringed by Defendants;

b) Permanently enjoining Defendants and each of their agents, employees, servants, officers, directors, successors in interest, heirs, assigns and all persons, firms or corporations, acting by or under their authority, in active concert or privity or in participation with them, from using the BUZZ Marks or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, the BUZZ mark and the slogan "It's Time To Get Buzzing," in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of Defendants' business, services, and goods;

c) Permanently enjoining Defendants to recall from all their offices and all others, whether persons, firms, or corporations, acting by or under their authority, in active concert or privity or in participation with them, any material containing the BUZZ Marks in any way and any word, words, phrases, symbols, logos, any combination of words or symbols that would create a likelihood of confusion, mistake and/or deception therewith, including, without limitation, the BUZZ mark and the slogan "It's Time To Get Buzzing," in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of Defendants' business, goods and services;

d) Permanently enjoining Defendants, their officers, agents, employees, and all persons acting in concert with them, from infringing the Buzztime trade name, the Buzztime Marks, and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from their misappropriation of the rights of Buzztime and all affiliated and related

13

1    companies of Buzztime in these marks;

2    e)    Requiring Defendants to destroy, at their sole and exclusive cost, all materials in their

3          possession or under their control that contain infringements of the Buzztime trade name

4          and/or the Buzztime Marks;

5    f)    Ordering the Director of the United States Patent and Trademark Office to order that

6          Defendants are not entitled to any trademark registrations for the BUZZ Marks and any

7          word, words, phrases, symbols, logos, or any combination of words or symbols that would

8          create a likelihood of confusion, mistake, and/or deception therewith, including, without

9          limitation, Defendants' Trademark Application Serial Numbers 78/625,529; 78/525,239; and

10         78/637,682;

11   g)    For all actual damages sustained by Buzztime as the result of Defendants' acts of

12         infringement and/or, together with prejudgment interest, according to proof, pursuant to 15

13         U.S.C. § 1117;

14   h)    For an accounting of the profits of Defendants resulting from their acts of infringement

15         and/or  pursuant to 15 U.S.C. § 1117;

16   i)    For enhanced damages pursuant to 15 U.S.C. § 1117;

17   j)    For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by

18         law;

19   k)    Awarding to Buzztime punitive damages in an amount sufficient to deter and punish

20         Defendants;

21   l)    For Buzztime's costs of suit, including its reasonable litigation expenses, pursuant to 15

22         U.S.C. § 1117; and

23   m)    Granting Buzztime such additional, other, or further relief as the Court deems proper and

24         just.

25

26                          **DEMAND FOR JURY TRIAL**

27   Plaintiffs demand trial by jury on all issues so triable.

28

                                         14

                                                    Case No. 08 CV 0122 W LSP

1

2    DATED: February 22, 2008                    Respectfully submitted,

3                                                FISH & RICHARDSON P.C.

4

5                                                By:  s/ Lisa M. Martens

6                                                    Lisa M. Martens
                                                    Andrew M. Abrams
7

8                                                Attorneys for Plaintiffs
                                                BUZZTIME ENTERTAINMENT, INC. and
9                                                NTN BUZZTIME, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 08 CV 0122 W LSP