1  TOWNSEND AND TOWNSEND AND CREW LLP
   JAMES G. GILLILAND, JR.  (State Bar No. 107988)
2  jggilliland@townsend.com
   TIMOTHY R. CAHN  (State Bar No. 162136)
3  trcahn@townsend.com
   MEGAN M. CHUNG  (State Bar No. 232044)
4  mmchung@townsend.com
   Two Embarcadero Center, 8th Floor
5  San Francisco, CA  94111
   Telephone:  (415) 576-0200
6  Facsimile:   (415) 576-0300

7  Attorneys for Defendant and Counter-Complainant
   SONY COMPUTER ENTERTAINMENT AMERICA INC.

8

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11  BUZZTIME ENTERTAINMENT, INC. and       Case No.    08 CV 0122 W LSP
    NTN BUZZTIME, INC.,
12                                          **DEFENDANT SONY COMPUTER
                  Plaintiffs,               ENTERTAINMENT AMERICA INC.'S
13                                          ANSWER AND COUNTERCLAIMS TO
           v.                               PLAINTIFFS' FIRST AMENDED
14                                          COMPLAINT**
    SONY COMPUTER ENTERTAINMENT
15  EUROPE LTD. and SONY COMPUTER
    ENTERTAINMENT AMERICA INC.,
16                                          Hon. Thomas J. Whelan
                  Defendants.
17
    _____
18
    SONY COMPUTER ENTERTAINMENT
19  AMERICA INC.,

20                Counter-Complainant,

21         v.

22  BUZZTIME ENTERTAINMENT, INC. and
    NTN BUZZTIME, INC.,
23

24                Counter-Defendants.

25  _____

26

27

28

Defendant and Counter-Complainant Sony Computer Entertainment America Inc. ("SCEA"), by and through its counsel, hereby responds to each of the numbered paragraphs of Plaintiffs' First Amended Complaint as set forth below.  SCEA will respond to the allegations directed to "Defendants" or "each Defendant" on behalf of itself only and not for any other defendant named in this action.  To the extent that SCEA responds to allegations that relate to any other named defendant or any other person that is not SCEA, such responses are made on information and belief and shall not be understood to constitute an admission or denial on behalf of any other defendant or person, or to supplant any response by any other defendant to the allegations in this action. All allegations, averments, statements and assertions that are not expressly admitted herein are denied.

## NATURE OF THE ACTION

1.      SCEA admits that Plaintiffs' action seeks permanent injunctive relief and damages under the statutes identified in paragraph 1.  Except as expressly admitted, SCEA denies the allegations of paragraph 1.

2.      SCEA admits that Delaware corporate records show Plaintiffs are Delaware corporations with a business address identified in paragraph 2.  SCEA is without knowledge or information sufficient to form a belief as to whether Plaintiffs produce "entertainment products" and on that basis denies the allegation.  SCEA denies that Plaintiffs produce successful interactive trivia video games.  Except as expressly admitted, SCEA denies the allegations of paragraph 2.

3.      SCEA is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3 and on that basis denies them.

4.      SCEA admits the allegations of paragraph 4.

5.      Paragraph 5 does not require a response.

6.      SCEA admits that it markets and sells versions of video game software that use on its packaging the term "BUZZ!" in conjunction with other terms and graphics, including but not limited to PlayStation® 2 and the PS logo® trademarks, and that SCEA displays a picture of the software package and some text and video information about and screenshots from the game on the internet at the web site identified in paragraph 6.  Except as expressly admitted, SCEA denies the allegations of paragraph 6.

7.        SCEA admits that there are four videos at the website alleged in paragraph 7 and two of the videos include spoken language that contains the words "it's time to get buzzing." SCEA denies that the term "Buzz!" is used without an exclamation point. Except as expressly admitted, SCEA denies the allegations of paragraph 7.

8.        SCEA admits that documents filed with the U.S. Patent & Trademark Office show that three intent-to-use trademark applications were filed beginning in 2004 by Sony Computer Entertainment Europe Limited for the trademarks described in application nos. 78/625529, 78/525239, and 78/637682, in connection with products and services described in said applications. Except as expressly admitted, SCEA denies the allegations of paragraph 8.

9.        SCEA admits that it sells the "BUZZ! games" through retail stores, including Walmart, Target, Best Buy, Circuit City, Game Stop and EB Games. Except as expressly admitted, SCEA denies the allegations of paragraph 9.

10.        SCEA admits that certain "BUZZ! games" are played by connecting a PlayStation® 2 videogame console to a television. SCEA admits that certain "BUZZ! games" are played using buzzer controllers. Except as expressly admitted, SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 10 and on that basis denies them.

11.        SCEA denies the allegations of paragraph 11.

## JURISDICTION AND VENUE

12.        SCEA admits that Plaintiffs assert claims under the statutes identified in the allegations of paragraph 12 and that the Court has subject matter jurisdiction over such claims. Except as expressly admitted, SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 12 and on that basis denies them.

13.        SCEA admits that this Court has personal jurisdiction over SCEA. Except as expressly admitted, SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 13 and on that basis denies them.

14.        SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 14 and on that basis denies them.

1

**BACKGROUND**

2      15.      SCEA denies that Plaintiffs' video games have become extremely popular or are widely

3    recognized.  SCEA is without knowledge or information sufficient to form a belief as to the remaining

4    allegations of paragraph 15 and on that basis denies them.

5      16.      SCEA is without knowledge or information sufficient to form a belief as to the

6    allegations of paragraph 16 and on that basis denies them.

7      17.      SCEA is without knowledge or information sufficient to form a belief as to the

8    allegations of paragraph 17 and on that basis denies them.

9      18.      SCEA is without knowledge or information sufficient to form a belief as to the

10   allegations of paragraph 18 and on that basis denies them.

11     19.      SCEA denies the allegations of paragraph 19.

12     20.      SCEA is without knowledge or information sufficient to form a belief as to the

13   allegations of paragraph 20 and on that basis denies them.

14     21.      SCEA denies that Buzztime has continuously and extensively promoted and offered its

15   interactive video products in interstate commerce in connection with the BUZZTIME mark.  SCEA is

16   without knowledge or information sufficient to form a belief as to the remaining allegations of

17   paragraph 21 and on that basis denies them.

18     22.      SCEA is without knowledge or information sufficient to form a belief as to the

19   allegations of paragraph 22 and on that basis denies them.

20     23.      SCEA is without knowledge or information sufficient to form a belief as to the

21   allegations of paragraph 23 and on that basis denies them.

22     24.      SCEA denies that Plaintiffs, or any of them, own registrations that constitute a family

23   of "BUZZ" trademarks, denies that Plaintiffs, or any of them, have used a family of "BUZZ"

24   trademarks extensively in the interactive video game field, and denies that Plaintiffs, or any of them,

25   have used a family of "BUZZ" trademarks such that they that are recognized by consumers and

26   associated with Buzztime.  SCEA is without knowledge or information sufficient to form a belief as to

27   the remaining allegations of paragraph 24 and on that basis denies them.

28

- 3 -

25.    SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 25 and on that basis denies them.

26.    SCEA denies the allegations of paragraph 26.

27.    SCEA admits that documents filed with U.S. Patent & Trademark Office show that Sony Computer Entertainment Europe Limited filed an intent-to-use application for BUZZ with a priority date of December 1, 2004, that covered certain goods and services in International Classes 9, 28 and 41.  Except as expressly admitted, SCEA denies the allegations of paragraph 27.

28.    SCEA admits that documents filed with U.S. Patent & Trademark Office show that Sony Computer Entertainment Europe Limited filed an intent-to-use application for BUZZ with a priority date of May 9, 2005, that covered certain goods and services in International Class 16.  Except as expressly admitted, SCEA denies the allegations of paragraph 28.

29.    SCEA admits that documents filed with U.S. Patent & Trademark Office show that Sony Computer Entertainment Europe Limited filed an intent-to-use application for BUZZ! with buzzer design with a priority date of May 26, 2005, that covered certain goods and services in International Classes 9, 16, 28 and 41.  Except as expressly admitted, SCEA denies the remaining allegations of paragraph 29.

30.    SCEA denies the allegations of paragraph 30.

31.    SCEA denies the allegations of paragraph 31.

32.    SCEA admits that it markets and sells versions of video game software, including the software identified in paragraph 32, that use the term "BUZZ!" in conjunction with other terms and graphics, including but not limited to PlayStation® 2 and the PS logo® trademarks, and that SCEA displays a picture of the software package and some text and video information about and screenshots from the software on the internet at the web site pages identified in paragraph 32.  Except as expressly admitted, SCEA denies the remaining allegations of paragraph 32.

33.    SCEA admits that its video game software is available for purchase from the retailers identified in paragraph 33.  Except as expressly admitted, SCEA denies the remaining allegations of paragraph 33.

34.     SCEA admits that the phrase "it's time to get buzzing" is spoken in two videos at the website identified in the allegations of paragraph 34.  Except as expressly admitted, SCEA denies the remaining allegations of paragraph 34.

35.     SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 35 and on that basis denies them.

36.     SCEA denies the allegations of paragraph 36.

37.     SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 37 and on that basis denies them.

38.     SCEA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 38 and on that basis denies them.

39.     SCEA denies the allegations of paragraph 39.

40.     SCEA denies the allegations of paragraph 40.

41.     SCEA denies the allegations paragraph 41.

42.     SCEA denies the allegations of paragraph 42.

43.     SCEA denies the allegations of paragraph 43.

**FIRST CAUSE OF ACTION**
**(Trademark Infringement — 15 U.S.C. § 1114(1))**

44.     SCEA incorporates by reference its responses to the allegations of paragraphs 1-43.

45.     SCEA denies the allegations of paragraph 45.

46.     SCEA denies the allegations of paragraph 46.

47.     SCEA denies the allegations of paragraph 47.

48.     SCEA denies the allegations of paragraph 48.

49.     SCEA is without knowledge or information sufficient to form a belief as to the allegation of paragraph 49 and on that basis denies it.

50.     SCEA denies the allegations of paragraph 50.

51.     SCEA denies the allegations of paragraph 51.

52.     SCEA denies the allegations of paragraph 52.

53.    SCEA denies the allegations of paragraph 53.

54.    SCEA denies the allegations of paragraph 54.

55.    SCEA denies the allegations of paragraph 55.

56.    SCEA denies the allegations of paragraph 56.

57.    SCEA denies the allegations of paragraph 57.


**SECOND CAUSE OF ACTION**
**(Trademark Infringement, Unfair Competition, and False**
**Designation of Origin — 15 U.S.C. § 1125(a))**

58.    SCEA incorporates by reference its responses to the allegations of paragraphs 1-57.

59.    SCEA denies the allegations of paragraph 59.

60.    SCEA denies the allegations of paragraph 60.

61.    SCEA denies the allegations of paragraph 61.

62.    SCEA denies the allegations of paragraph 62.

63.    SCEA denies the allegations of paragraph 63.

64.    SCEA denies the allegations of paragraph 64.

**THIRD CAUSE OF ACTION**
**(Trademark Infringement — Cal. Bus. & Prof. Code § 14335)]**

65.    SCEA incorporates by reference its responses to the allegations of paragraphs 1-64.

66.    SCEA denies the allegations of paragraph 66.

67.    SCEA denies the allegations of paragraph 67.

68.    SCEA denies the allegations of paragraph 68.

69.    SCEA denies the allegations of paragraph 69.

**FOURTH CAUSE OF ACTION**
**(Unfair Unlawful and Deceptive Business Practices — Cal. Bus. & Prof. Code § 17200 *et seq.*)**

70.    SCEA incorporates by reference its responses to the allegations of paragraphs 1-69.

71.    SCEA denies the allegations of paragraph 71.

72.    SCEA denies the allegations of paragraph 72.

73.    SCEA denies the allegations of paragraph 73.

- 6 -

1    74.    SCEA denies the allegations of paragraph 74.

2
                        **FIFTH CAUSE OF ACTION**
3                  **(Common Law Trademark Infringement)**

4    75.    SCEA incorporates by reference its responses to the allegations of paragraphs 1-74.

5    76.    SCEA denies the allegations of paragraph 76.

6    77.    SCEA denies the allegations of paragraph 77.

7    78.    SCEA denies the allegations of paragraph 78.

8                        **SCEA'S AFFIRMATIVE DEFENSES**

9    79.    <u>Fails to State a Claim</u>:  As a First Affirmative Defense, Plaintiffs have failed to state a

10   claim upon which relief may be granted.

11   80.    <u>No Priority of Use</u>:    As a Second Affirmative Defense, Plaintiffs lack priority of

12   trademark use on or in connection with video game hardware or software for home use.

13   81.    <u>Fraud in the Procurement of a Trademark Registration</u>:    As a Third Affirmative

14   Defense, Plaintiffs have committed fraud with respect to registration of the "BUZZTIME" mark.

15   Plaintiffs made material and false statements of fact in their use-based application, serial number

16   78/564223, for registration of the "BUZZTIME" mark.  On or about February 10, 2005, Plaintiffs

17   Buzztime Entertainment, Inc. filed a sworn declaration with the U.S. Patent & Trademark Office

18   stating that Plaintiff Buzztime Entertainment, Inc. was using the "BUZZTIME" mark in commerce on

19   "[e]quipment for playing a plug and play game, namely, rules of play, card boxes, trivia cards, and

20   game cartridges."  This statement, on information and belief, was negligently, intentionally, and

21   recklessly false, was material and was relied upon.  Further, on information and belief, on April 16,

22   2007, Plaintiff Buzztime Entertainment, Inc. falsely represented to the U.S. Patent & Trademark

23   Office in a Statement of Use Declaration that, as of February 2000, Buzztime Entertainment, Inc. had

24   first used in commerce the "BUZZTIME" mark on "[e]quipment for playing a plug and play game,

25   namely, video game machines for use with televisions, video game interactive remote control units,

26   video game cartridges, and interactive video game programs, in class 9."  SCEA is informed and

27   believes that these statements, in whole or in part, were false, material, relied upon, and made

28   negligently, recklessly, and intentionally.  SCEA is further informed and believes and on that basis

1    alleges that Plaintiffs have made other untrue statements concerning their uses of the marks alleged in

2    the First Amended Complaint in their trademark applications for registration numbers 2,460,367,

3    3,316,718, 2,583,460, 2,961,762, and 2,908,923, and that such statements were negligently,

4    intentionally, and recklessly false, material, and relied upon.

5        82.    Unclean Hands:        As a Fourth Affirmative Defense, Plaintiffs come to this Court

6    with unclean hands with respect to their registration of the "BUZZTIME" mark.  Plaintiffs made

7    material and false statements of fact in their use-based application, serial number 78/564223, for

8    registration of the "BUZZTIME" mark.  On or about February 10, 2005, Plaintiff Buzztime

9    Entertainment, Inc. filed a sworn declaration with the U.S. Patent & Trademark Office stating that

10   Plaintiff Buzztime Entertainment, Inc. was using the "BUZZTIME" mark in commerce on

11   "[e]quipment for playing a plug and play game, namely, rules of play, card boxes, trivia cards, and

12   game cartridges."  This statement, on information and belief, was negligently, intentionally, or

13   recklessly false.  Further, on information and belief, on April 16, 2007, Plaintiff Buzztime

14   Entertainment, Inc. falsely represented to the U.S. Patent & Trademark Office in a Statement of Use

15   Declaration that, as of February 2000,  Buzztime Entertainment, Inc. had first used in commerce the

16   "BUZZTIME" mark on "[e]quipment for playing a plug and play game, namely, video game machines

17   for use with televisions, video game interactive remote control units, video game cartridges, and

18   interactive video game programs, in class 9."  SCEA is informed and believes that these statements, in

19   whole or in part, were false and material and were made negligently, recklessly, or intentionally.

20   SCEA is further informed and believes and on that basis alleges that Plaintiffs have made other untrue

21   statements concerning their uses of the marks alleged in the First Amended Complaint in their

22   trademark applications for registration numbers 2,460,367, 3,316,718, 2,583,460, 2,961,762, and

23   2,908,923, and that such statements were negligently, intentionally, and recklessly false, material, and

24   relied upon.

25       83.    Not Distinctive / No Secondary Meaning:    As a Fifth Affirmative Defense, the

26   "BUZZTIME" mark is not distinctive and has not developed secondary meaning.  Purchasers do not

27   associate the "BUZZTIME" mark with Plaintiffs alone nor with their goods and services alone.

28

84.   <u>No Likely Confusion</u>: As a Sixth Affirmative Defense, any uses by Defendants of the terms "BUZZ!," "BUZZ," "Buzz!,"   "Buzz," "Buzzers," or "Buzzing," do not create likelihood of confusion or deception.

85.   <u>Waiver</u>:       As a Seventh Affirmative Defense, on information and belief, Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, express or implied.  Plaintiffs have had actual or constructive notice of Defendants' intention to use the term "BUZZ!" since at least as early as December 2004.

86.   <u>Consent</u>:       As an Eighth Affirmative Defense, on information and belief, Plaintiffs' claims are barred in whole or in part by the doctrine of consent, express or implied.  Plaintiffs have had actual or constructive notice of Defendants' intention to use the term "BUZZ!" since at least as early as December 2004.

87.   <u>Laches</u>:       As a Ninth Affirmative Defense, on information and belief, Plaintiffs' claims are barred in whole or in part by the doctrine of laches.  Plaintiffs have had actual or constructive notice of Defendants' intention to use the term "BUZZ!" since at least as early as December 2004.

88.   <u>Estoppel</u>:       As a Tenth Affirmative Defense, on information and belief, Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

89.   <u>Standing</u>:       As an Eleventh Affirmative Defense, either or both Plaintiffs, on information and belief, lack standing to bring the claims in the First Amended Complaint.

90.   <u>Failure to Enforce</u>:     As a Twelfth Affirmative Defense, on information and belief, Plaintiffs have failed to enforce their rights, if any, in the "BUZZTIME" mark against third party uses of the mark, or similar marks, and thus are equitably barred from asserting claims for infringement of the mark against SCEA.

91.   <u>Use to Misrepresent Source of the Goods</u>:     As a Thirteenth Affirmative Defense, on information and belief, Plaintiffs have permitted others, including Cadaco, to use the "BUZZTIME" mark so as to misrepresent the source of the goods promoted under the "BUZZTIME" mark, such as in the phrases "Cadaco Buzztime" and "Buzztime by Cadaco."

**COUNTERCLAIMS**

Defendant and Counter-Complainant Sony Computer Entertainment America Inc. ("SCEA") hereby counterclaims against Plaintiffs and Counter-Defendants Buzztime Entertainment, Inc. and NTN Buzztime, Inc. as follows:

NATURE OF THE ACTION

1.      These counterclaims in part are for a declaratory judgment brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of determining actual questions in controversy between the parties.  The claims alleged herein arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

PARTIES

2.      SCEA is a Delaware corporation with its headquarters and principal place of business at 919 East Hillsdale Boulevard, Foster City, California 94404.

3.      On information and belief, Counter-Defendants Buzztime Entertainment, Inc. and NTN Buzztime, Inc. are corporations organized under the laws of Delaware with a business address at 5966 La Place Court, Suite 100, Carlsbad, California 92008.

JURISDICTION AND VENUE

4.      The claims alleged herein arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1367, and 1338.

5.      Personal jurisdiction is proper, among other things, because Counter-Defendants have availed themselves of this jurisdiction by filing this action and because they operate a place of business in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Counter-Defendants operate a business and are subject to personal jurisdiction in this District.

GENERAL ALLEGATIONS REGARDING THE CONTROVERSY

7.      Counter-Defendants have claimed that they own exclusive trademark rights in "BUZZTIME," as well as exclusive trademark rights in "BUZZKIDS," "BUZZHEAD," "SHARE THE BUZZ," and "BUZZTIME PLAY ALONG TV."

8.        Counter-Defendants have claimed that they own trademark registrations with the U.S. Patent & Trademark Office for each of these terms and phrases.

9.        Counter-Defendants have claimed that SCEA's uses of the term "BUZZ!" "BUZZ," "Buzz!," "Buzz," "Buzzers" or "Buzzing" in connection with video game software distributed for use with the PlayStation® 2 computer entertainment system violate Counter-Defendants' alleged trademark rights.  In particular, Counter-Defendants claim infringement and unfair competition from SCEA's use of the term "BUZZ!" with the following video game software:  (1) "BUZZ! The Mega Quiz," (2) "BUZZ! THE HOLLYWOOD QUIZ"; (3) "BUZZ! JUNiOR JUNGLE PARTY," and (4) "BUZZ! JUNiOR ROBO JAM."

10.        Counter-Defendants also claim infringement in SCEA's use of the phrase "It's time to get buzzing."

11.        Counter-Defendants have no rights in the "BUZZTIME" mark, or similar marks, that could be infringed or violated by SCEA's uses of "BUZZ!," "BUZZ," Buzz!, "Buzz,"" Buzzers," "Buzzing," "It's time to get buzzing," or similar terms or phrases.

12.        The "BUZZTIME" mark is not distinctive, nor has it acquired secondary meaning. "BUZZTIME" does not uniquely identify Counter-Defendants' goods or services.

13.        Even if Counter-Defendants had any rights in the "BUZZTIME" mark, there is no likelihood of consumer confusion, or unfair competition, by SCEA's use of "BUZZ!," "BUZZ," Buzz!, "Buzz," "Buzzers," "Buzzing," "It's time to get buzzing," or similar terms or phrases.

14.        Counter-Defendants do not have use priority for "BUZZTIME" in connection with video game hardware, software, or related goods and services.

15.        Counter-Defendants do not have use priority in connection with the goods described in Counter-Defendants' trademark application 78/564223.

16.        Counter-Defendants, on information and belief, did not use "BUZZTIME" in connection with video game hardware or software for home use, until August 2005, or thereafter.

17.        Counter-Defendants, on information and belief, did not use "BUZZTIME" in connection with the goods described in Counter-Defendants' trademark application 78/564223 until August 2005, or thereafter.

18.     On information and belief, Counter-Defendants have entered into a licensing agreement with Cadaco.

19.     Pursuant to such licensing agreement, Counter-Defendants have consented to Cadaco's use of the "BUZZTIME" mark.

20.     Among the uses that Counter-Defendants have consented to are "Cadaco Buzztime" and "Buzztime by Cadaco."

21.     In so doing, Counter-Defendants permitted others to claim to be the source of goods or services distributed under the "BUZZTIME" mark.

22.     Further, as more fully set forth below, Counter-Defendants have filed false statements with the U.S. Patent & Trademark Office when seeking to register the "BUZZTIME" mark.

23.     Counter-Defendants, by their inequitable conduct with respect to the "BUZZTIME" mark, are prohibited from asserting any trademark rights against SCEA in "BUZZTIME" or similar marks.

<u>FIRST COUNTERCLAIM FOR RELIEF</u>
(Declaratory Relief – No Infringement of Trademark Under
15 U.S.C. §§ 1114, 1125, Cal. Bus. & Prof. Code § 14335 or Common Law)

24.     SCEA incorporates herein by reference each and every allegation in the preceding paragraphs.

25.     In light of Counter-Defendants' claims alleging trademark infringement, an actual, judiciable controversy exists between the parties with respect to SCEA's alleged liability for supposed trademark infringement under 15 U.S.C. §§ 1114, 1125, Cal. Bus. & Prof. Code § 14335 and under the common law.  Further, SCEA has a reasonable apprehension that Counter-Defendants will seek to prohibit other uses by SCEA of the term "BUZZ!," "BUZZ," "Buzz!,"  "Buzz," "Buzzers," "buzzing," or similar terms.

26.     SCEA has not engaged in any use of Counter-Defendants' Marks, or any of them, or any similar mark in a manner likely to cause confusion or to cause mistake or to deceive the public as to the source, origin, sponsorship, or approval of any goods or as to the affiliation, connection, or association between the parties.

27.    SCEA's use of "BUZZ!," "BUZZ," "Buzz!,"  "Buzz," "Buzzers" and "buzzing" is not likely to cause the consuming public to be confused as to the source or origin of its goods with Counter-Defendants.  It is also unlikely to suggest falsely to the consuming public that SCEA's video game software is somehow connected with, sponsored by, affiliated with or related to Counter-Defendants or their products.

28.    SCEA also has not engaged in any use of Counter-Defendants' Marks, or any of them, or any similar mark, which constitutes a false designation of origin, or false description or representation.

29.    Counter-Defendants lack use priority in the relevant class of goods and/or services.

30.    Counter-Defendants have submitted material false statements to the U.S. Patent & Trademark Office in connection with seeking registration for "BUZZTIME."

31.    Counter-Defendants, thus, are not entitled to injunctive relief, damages, or any other relief for trademark infringement.

32.    Counter-Defendants' claims have created an ongoing threat to SCEA's right to continue selling its goods thereby casting a cloud over SCEA's business.

33.    Pursuant to Sections 2201 and 2202 of Title 28 of the United States Code, a judicial declaration of the respective rights of the parties is necessary and appropriate at this time so that SCEA may ascertain, with certainty, its rights with respect to the use of "BUZZ!," "BUZZ," "Buzz!," Buzz," "Buzzers," "buzzing," and similar terms.  In particular, SCEA seeks a declaration (1) that Counter-Defendants have no trademark rights that can be used to prevent SCEA's use of the terms "BUZZ!," "BUZZ," "Buzz!,"  "Buzz," Buzzers, "buzzing," and similar terms; and (2) SCEA has not infringed or violated any trademark rights of Counter-Defendants.

## SECOND COUNTERCLAIM FOR RELIEF
(Cancellation and/or Rectification of Fraudulently Obtained Trademark Registration Under 15 U.S.C. § 1119)

34.    SCEA incorporates herein by reference each and every allegation in the preceding paragraphs.

- 13 -

35.    On or about February 25, 2005, Plaintiffs filed a sworn declaration with the U.S. Patent & Trademark Office that Counter-Defendants were using the "BUZZTIME" mark in commerce on "equipment for playing a plug and play game, namely, rules of play, card boxes, trivia cards, and game cartridges."

36.    Counter-Defendants were not using "BUZZTIME" in commerce on equipment for playing a plug and play game, rules of play, card boxes, trivia cards, and game cartridges, as of February 25, 2005.

37.    Counter-Defendants' February 25, 2005 statement was false and, on information and belief, was made knowingly, willfully, intentionally, recklessly and negligently.

38.    Counter-defendants' February 25, 2005 statement was made to influence the U.S. Patent & Trademark Office examiner, was reasonably relied upon, and was material to Counter-Defendants having obtained a registration for the "BUZZTIME" mark, Registration No. 3,294,791. Counter-Defendants' February 25, 2005 statement proximately caused SCEA harm.

39.    On information and belief, on April 16, 2007, Counter-Defendants also represented to the U.S. Patent & Trademark Office in connection with their Statement of Use Affidavit for the February 25, 2005 application, that Counter-Defendants, as of February 2000, had first used in commerce the "BUZZTIME" mark on "equipment for playing a plug and play game, namely, video game machines for use with televisions, video game interactive remote control units, video game cartridges, and interactive video game programs in class 9."

40.    Counter-Defendants' representation that such uses commenced in February 2000 were false and, on information and belief, made knowingly, willfully, intentionally, recklessly and negligently.

41.    This representation was made to influence the U.S. Patent & Trademark Office examiner, was reasonably relied upon, and was material to Counter-Defendants having obtained a registration for the "BUZZTIME" mark, Registration No. 3,294,791, indicating a February 2000 first use date.  Counter-Defendants' April 16, 2007 statement proximately caused SCEA harm.

- 14 -

1    42.    For the reasons stated herein, Counter-Defendant's United States Trademark

2    Registration No. 3,294,791 should be canceled and/or rectified in the United States Patent and

3    Trademark Office.

4

5                    THIRD COUNTERCLAIM FOR RELIEF
                    (Declaratory Relief – No Unfair Competition
6                    Under Cal. Bus. & Prof. Code § 17200 *et seq.*)

7    43.    SCEA incorporates herein by reference each and every allegation in the preceding

8    paragraphs.

9    44.    In light of Counter-Defendants' lawsuit claiming unfair unlawful and deceptive

10    business practices, an actual, judiciable controversy exists between the parties with respect to SCEA's

11    alleged liability for supposed violation of Cal. Business & Professions Code § 17200 *et seq.*  SCEA

12    denies any and all claims of liability for such alleged violations and Counter-Defendants' request for

13    an injunction.

14    45.    Pursuant to Sections 2201 and 2202 of Title 28 of the United States Code, a judicial

15    declaration is necessary and appropriate at this time so that SCEA may ascertain, with certainty, its

16    rights and duties with respect to SCEA's use of "BUZZ!, "BUZZ," "Buzz!,"   "Buzz," "Buzzers,"

17    "buzzing," or similar terms.

18

19                          PRAYER FOR RELIEF

20    **WHEREFORE**, SCEA prays for declaratory relief and judgment against Counter-Defendants

21    as follows:

22    a)    A judgment stating that Counter-Defendants have committed fraud in their U.S.

23    trademark application for "BUZZTIME," which became U.S. Trademark Registration No. 3,294,791,

24    and other registrations.

25    b)    A judgment that Counter-Defendants' trademark registrations be and are cancelled

26    and/or rectified in the U.S. Patent & Trademark Office.

27

28

- 15 -

c)     A judgment stating that Counter-Defendants, through their inequitable conduct, are prohibited from enforcing any rights in "BUZZTIME" or similar marks in connection with video game, software, hardware, or related goods.

d)     A judgment stating that any use by SCEA of the term "BUZZ!," "BUZZ," "Buzz!," "Buzz," "Buzzers," "buzzing," or similar terms in connection with video game software, hardware, or related goods does not infringe Counter-Defendants' Marks, or any of them, or any similar mark under 15 U.S.C. § 1114;

e)     A judgment stating that any use by SCEA of the term "BUZZ!," "BUZZ," "Buzz!," ""Buzz," "Buzzers," "buzzing," or similar terms in connection with video game software, hardware, or related goods is not a practice which constitutes a false designation of origin, or false description or representation under 15 U.S.C. § 1125;

f)     A judgment stating that any use by SCEA of the term "BUZZ!," "BUZZ," "Buzz!," "Buzz," "Buzzers," "buzzing," or similar terms in connection with video game software, hardware, or related goods does not infringe Counter-Defendants' Marks, or any of them, or any similar mark under Cal. Bus. & Prof. Code§ 14335;

g)     A judgment stating that any use by SCEA of the term "BUZZ!," "BUZZ,"  "Buzz!," "Buzz," "Buzzers," "buzzing," or similar terms in connection with video game software, hardware, or related goods does not infringe Counter-Defendants' Marks, or any of them, or any similar mark under the common law;

h)     A judgment stating that any use by SCEA of the term "BUZZ!," "BUZZ," "Buzz!," "Buzz," "Buzzers," "buzzing," or similar terms in connection with video game software, hardware, or related goods is not a practice which is unfair, unlawful or deceptive business act in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

i)     A judgment that Counter-Defendants are not entitled to injunctive relief,  monetary compensation, or any other relief under the Lanham Act or any other applicable law for SCEA's use of the term "BUZZ!," "BUZZ," "Buzz!,"  "Buzz," "Buzzers," "buzzing," or similar terms in connection with video game software, hardware, or related goods.

1           j)     A judgment that Counter-Defendants are not entitled to an injunction under the

2   Lanham Act or California Bus. & Prof. Code § 17200 *et seq.* or any other applicable law.

3           k)     A judgment that Counter-Defendants take nothing by reason of its First Amended

4   Complaint and that judgment be entered in favor of SCEA.

5           l)     A judgment that SCEA be awarded its reasonable attorneys' fees, pursuant to 15

6   U.S.C. §1117(a) and/or any other applicable statute.

7           m)     A judgment that SCEA be awarded its costs of suit incurred.

8           n)     And such other and further relief as the Court may deem proper.

9

10   DATED:  May 22, 2008            Respectfully submitted,

11

12                     TOWNSEND AND TOWNSEND AND CREW LLP

13

14                     By:  /s/ Timothy R. Cahn
                       JAMES G. GILLILAND, JR.  (State Bar No. 107988)

15                          jggilliand@townsend.com
                       TIMOTHY R. CAHN  (State Bar No. 162136)

16                          trcahn@townsend.com
                       MEGAN M. CHUNG  (State Bar No. 232044)

17                          mmchung@townsend.com

18                     Attorneys for Defendant and Counter-Complainant
                  SONY COMPUTER ENTERTAINMENT AMERICA

19                     INC.

20

21   61378455 v1

22

23

24

25

26

27

28