Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON, P.C.
12390 El Camino Real
San Diego, California  92130
Telephone:  (858) 678-4735
Facsimile:  (858) 678-5099

Attorneys for Plaintiffs
BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC., <br><br>Plaintiffs, <br><br>v. <br><br>SONY COMPUTER ENTERTAINMENT EUROPE, LTD. and SONY COMPUTER ENTERTAINMENT AMERICA, INC., <br><br>Defendants. | Case No. 08 CV 0122 W LSP <br><br>**PLAINTIFFS' ANSWER TO DEFENDANT SONY COMPUTER ENTERTAINMENT AMERICA INC.'S COUNTERCLAIMS** <br><br>Hon. Thomas J. Whelan |
| SONY COMPUTER ENTERTAINMENT AMERICA, INC., <br><br>Counter-Complainant, <br><br>v. <br><br>BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC., <br><br>Counter-Defendants. | |

Case No. 08 CV 0122 W LSP

Plaintiffs and Counterclaim-Defendants BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC. (collectively, "Buzztime") hereby respond to the Counterclaims of SONY COMPUTER ENTERTAINMENT AMERICA, INC. ("Defendant"). Except as expressly admitted below, Buzztime denies each and every averment in the Counterclaims. Any admission below is limited to the specific factual averment, and is not an admission as to any purported conclusion, characterization, implication, inference or speculation that arguably could be asserted to follow from an admitted fact.

## NATURE OF THE ACTION

1. Buzztime admits that Defendant purports to bring these counterclaims for a declaratory judgment brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of determining actual questions in controversy between the parties. Buzztime admits that the claims alleged herein arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

## PARTIES

2. Buzztime is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

3. Admitted.

## JURISDICTION AND VENUE

4. Buzztime admits that the claims alleged by Defendant arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.* Buzztime admits that this Court has subject mater jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1367, and 1338.

5. Buzztime admits that personal jurisdiction is proper in this district.

6. Buzztime admits that venue is proper in this district pursuant to Title 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS REGARDING THE CONTROVERSY

7. Buzztime admits that it has claimed it owns exclusive trademark rights in "BUZZTIME," "BUZZKIDS," BUZZHEAD," "SHARE THE BUZZ," and "BUZZTIME

1  PLAY ALONG TV," in connection with various goods and services relating to interactive
2  video games.
3      8.    Admitted.
4      9.    Buzztime admits that it has claimed that Defendant's use of BUZZ and
5  related marks in connection with Defendant's trivia video games infringes Buzztime's
6  trademark rights.
7      10.    Admitted.
8      11.    Denied.
9      12.    Denied.
10      13.    Denied.
11      14.    Denied.
12      15.    Denied.
13      16.    Denied.
14      17.    Denied.
15      18.    Admitted.
16      19.    Buzztime admits that pursuant to its license agreement with Cadaco, it has
17  granted limited rights to Cadaco to use, reproduce, display, sublicense and transmit
18  Buzztime's trademarks, including the BUZZTIME mark.
19      20.    Denied.
20      21.    Denied.
21      22.    Denied.
22      23.    Denied.

**FIRST COUNTERCLAIM FOR RELIEF**
(Declaratory Relief – No Infringement of Trademark Under
15 U.S.C. §§ 1114, 1125, Cal. Bus. & Prof. Code § 14335 or Common Law)

26      24.    Buzztime realleges and incorporates its responses to the previous
paragraphs of these Counterclaims as if repeated here verbatim.
    25.    Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Buzztime is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

33. Buzztime denies that a judicial declaration of the respective rights of the parties in the form of a declaratory relief action is necessary and appropriate at this time. Buzztime admits that Defendant seeks a declaration "(1) that Counter-Defendants have no trademark rights that can be used to prevent SCEA's use of the terms "BUZZ!," "BUZZ," "Buzz!," "Buzz," Buzzers, "buzzing," and similar terms; and (2) SCEA has not infringed or violated any trademark rights of Counter-Defendants" but denies that Defendant's claims possess any merit.

## SECOND COUNTERCLAIM FOR RELIEF
(Cancellation and/or Rectification of Fraudulently Obtained Trademark Registration Under 15 U.S.C. § 1119)

34. Buzztime realleges and incorporates its responses to the previous paragraphs of these Counterclaims as if repeated here verbatim.

35. Denied as to Defendant's statement regarding the date of the sworn declaration. Buzztime admits that on February 10, 2005 Buzztime filed a use-based application with the USPTO for BUZZTIME in connection with "equipment for playing a plug and play game, namely, rules of play, card boxes, trivia cards, and game cartridges."

36. Denied.

37. Denied.

38. Buzztime is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

39. Denied as to Defendant's statement regarding the date of the trademark application. Buzztime admits that on April 16, 2007 it filed a Statement of Use for Application Serial No. 78/564,223 claiming use in commerce as of February 2000 of the BUZZTIME mark on "equipment for playing a plug and play game, namely, video game machines for use with televisions, video game interactive remote control units, video game cartridges and interactive video game programs" in International Class 9; and for "card games" in International Class 28.

40. Denied.

41. Buzztime is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

42. Denied.

### THIRD COUNTERCLAIM FOR RELIEF
(Declaratory Relief – No Unfair Competition
Under Cal. Bus. & Prof. Code § 17200 et seq.)

43. Buzztime realleges and incorporates its responses to the previous paragraphs of these Counterclaims as if repeated here verbatim.

44. Buzztime admits to the existence of a judicial controversy between the parties with respect to Defendant's alleged liability for violation of Cal. Business & Professions Code § 17200 *et seq.* Buzztime further admits that Defendant purports to deny any and all claims of liability for such alleged violations and Buzztime's request for an injunction.

45. Denied.

///

///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Failure to State a Cause of Action)

46. Defendant's Counterclaims and every claim for relief therein fail to state a claim for relief that can be granted against Buzztime.

### Second Affirmative Defense
(Unclean Hands)

47. Defendant, by its conduct, acts and omissions, is barred by its unclean hands, shared fault or otherwise, from all relief requested in its Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Counter-Defendants Buzztime Entertainment, Inc. and NTN Buzztime, Inc. pray for judgment against Defendant and Counterclaimant Sony Computer Entertainment America, Inc. as follows:

1. That Defendant take nothing by the Counterclaims and that the Counterclaims be dismissed with prejudice;

2. That Buzztime be awarded costs incurred in this action; and

3. For such other and further relief as the Court may deem just and proper.

DATED: June 16, 2008                    Respectfully submitted,

                                        FISH & RICHARDSON P.C.


                                        By:  s/ Lisa M. Martens
                                             Lisa M. Martens
                                             Andrew M. Abrams

                                        Attorneys for Buzztime
                                        BUZZTIME ENTERTAINMENT, INC. and
                                        NTN BUZZTIME, INC.

# PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On June 16, 2008, I caused a copy of the following document(s):

**PLAINTIFFS' ANSWER TO DEFENDANT SONY COMPUTER ENTERTAINMENT AMERICA INC.'S COUNTERCLAIMS**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| James G. Gilliland, Jr.<br>Timothy R. Cahn<br>Megan M. Chung<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 576-0200<br>Facsimile: (415) 576-0300 | Attorneys For Defendant<br>SONY COMPUTER<br>ENTERTAINMENT EUROPE LTD |

[X] **MAIL:**   Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on June 16, 2008, at San Diego, California.

                                              s/Nicole C. Pino
                                                Nicole C. Pino

10840303.doc