

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZTIME ENTERTAINMENT, INC., and NTN BUZZTIME, INC.,<br><br>  Plaintiffs,<br>vs.<br><br>SONY COMPUTER ENTERTAINMENT EUROPE LTD., and SONY COMPUTER AMERICA INC.,<br><br>  Defendants. | CASE NO. 08-CV-0122 W (LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS [DOC. NO. 19]** |

On February 22, 2008, Buzztime Entertainment, Inc. and NTN Buzztime, Inc. (collectively, "Plaintiffs") filed a first amended complaint ("FAC") seeking injunctive relief and damages against Sony Computer Entertainment Europe, LTD. ("SCEE") and Sony Computer America, Inc. ("SCEA") (collectively, "Defendants"). Pending before the Court is Defendant SCEE's motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction and insufficiency of process. (Doc. No. 19.) The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion.

///

## I. BACKGROUND

Plaintiffs are corporations organized under the laws of Delaware with their principal places of business in Carlsbad, California. Plaintiffs produce entertainment products, including interactive computer trivia games. (FAC ¶ 2.) Defendant SCEE is a limited company organized under the laws of the United Kingdom with its principal place of business in England. (Def.'s Mot. Dismiss 4.) SCEE markets and distributes video game console hardware and peripheral accessories, including video games. (Id.)

On February 22, 2008, Plaintiffs filed their FAC alleging trademark infringement under the Lanham Trademark Act of 1946, and for infringement and unfair competition under California Business & Professions Code sections 14335 and 17200. (Doc. No. 4.) On April 4, 2008, a summons and copy of the FAC was personally delivered to Albert Marshall at SCEE's London, England office. (Def.'s Mot. Dismiss Attach. 2 ¶ 21.) Albert Marshall is an intellectual property lawyer employed by SCEE. (Id.) On or around April 29, 2008, another copy of the FAC was delivered by international mail to SCEE.[1]

On May 22, 2008, SCEE filed a motion to dismiss for lack of personal jurisdiction and insufficiency of process. (Doc. No. 19.) On June 6, 2008, Plaintiffs opposed SCEE's motion to dismiss. (Doc. No. 23.) On June 16, 2008, SCEE filed a reply in support of its motion. (Doc. No. 25.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) permits a motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5).[2] "Once service of process is challenged, plaintiffs bear the burden of establishing that service was valid." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir.2004); Systems Signs Supplies v. United States Dep't

---

[1] Defendant SCEE claims the FAC was delivered by regular international mail. (Def.'s Mot. Dismiss Attach. 2.) Plaintiffs claim the FAC was delivered by registered international mail. (Opp'n to Mot. Dismiss 21.)

[2] Unless otherwise indicated, "Rule" refers to the Federal Rules of Civil Procedure.

of Justice, 903 F.2d 1011, 1013 (5th Cir.1990). When granting a Rule 12(b)(5) motion, federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1354, 348. Service generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly. Id.; see also Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir.1976); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir.1985).

## III. DISCUSSION

### A. Plaintiffs' Attempted Service by International Mail Was Insufficient.

SCEE argues that Plaintiffs' FAC should be dismissed because Plaintiffs' attempts to serve SCEE via international mail were defective. (Def.'s Mot. Dismiss 14.) Specifically, SCEE contends that Plaintiffs' service was defective because service by ordinary mail of an international corporation abroad has been held insufficient under Ninth Circuit authority. (Id.) Plaintiffs counter that service by registered international mail was sufficient because it provided notice of the legal action, and also because the Ninth Circuit has not specifically held registered mail to be an insufficient form of service. (Opp'n 20.)

Rule 4(h)(2) controls service of process on a foreign corporation served outside of the United States and directs that the manner of service be done under Rule 4(f). Rule 4(f) authorizes three means of effecting service through international mail, none of which includes ordinary first class mail. Brockmeyer, 383 F.3d at 804.

First, Rule 4(f)(1) authorizes service by methods specifically authorized by international agreements, including the Hague Convention ("Convention"). Service of process abroad is controlled by the Convention to the extent that the Convention applies. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988)

("[C]ompliance with the Convention is mandatory in all cases to which it applies."). As the United States and the United Kingdom are both signatories to the Convention, the Convention is applicable here. Article 2 of the Convention affirmatively authorizes a "central authority" in each signatory nation through which service of process may be routed and Rule 4(f)(1) affirms that particular form of service.[3] Brockmeyer, 383 F.3d at 804.

Second, Rule 4(f)(2)(C)(ii) authorizes service by international mail where service is sent by the clerk of the court, using a form of mail requiring a signed receipt. Third, Rule 4(f)(3) also authorizes service by mail and requires that the mailing procedure have been specifically directed by the district court and not prohibited by international agreement. Service by international mail is not otherwise affirmatively authorized by Rule 4(f). Brockmeyer, 383 F.3d at 808.

Here, Plaintiffs contend that they served SCEE directly through registered international mail. Plaintiffs, then, have not met their burden under Rule 4(f)(1), because their attempt to serve SCEE via international mail was not effected through the Central Authority. Nor have Plaintiffs met their burden under Rule 4(f)(2)(C)(ii), because Plaintiffs did not effect service through the clerk of the court using a form of mail requiring a signed receipt. Finally, Plaintiffs have not met their burden under Rule 4(f)(3) because they did not obtain prior approval from the district court for service by mail. Moreover, Plaintiffs offer no proof to refute SCEE's claim that service was done by ordinary mail. Therefore, the Court finds that Plaintiffs have not met their burden of showing proper international service via international mail as required by any subsection of Rule 4(f).

---

[3] Plaintiffs also argue that article 10(a) permits service of process to be effected through international mail as long as the "State of destination does not object." Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters art. 10, Nov. 15, 1965, 20 U.S.T. 361 U.N.T.S. 163. However, because article 10(a) does not affirmatively authorize international mail service, it represents an alternative means of service the sufficiency of which must be determined by Rule 4(f)(1). Brockmeyer, 383 F.3d at 804; see also Tax Lease Underwriters, Inc. v. Blackwell Green, Ltd., 106 F.R.D. 595, 596 (E.D. Mo. 1985).

B. **Plaintiffs' Attempted Personal Service was Insufficient.**

SCEE argues that Rule 4(f)(2)(C)(i) prohibits personal service of a foreign corporation outside of the United States. (Reply 14.) SCEE also argues that Plaintiffs' attempt to personally serve SCEE was ineffective because Plaintiffs failed to conform to United Kingdom law. (Def.'s Reply 10.) Specifically, SCEE contends that Plaintiffs' attempt to personally serve SCEE by delivering the complaint and summons to Albert Marshall was insufficient because Marshall does not hold a "senior position" at the company. (Id.)

Plaintiffs argue that although personal service is prohibited under Rule 4(f)(2)(C)(i), it can be permissible under Rule 4(f)(1) or 4(f)(2)(A). (Opp'n 19.) Plaintiffs contend that service was effective under Rule 4(f)(1) or 4(f)(2)(A) because Article 10(c) of the Convention permits direct personal service where there is no objection by the signatory country and because the United Kingdom has not formally objected to Article 10(c). (Id.)

Rule 4(h)(2) provides that service of process on a foreign corporation outside of the United States must be made "in any manner prescribed by Rule 4(f), for serving an individual except personal delivery under (f)(2)(C)(i)." Rule 4(f) implicitly authorizes two means to effect personal service. First, Rule 4(f)(1) authorizes service of process "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention." Article 2 of the Convention affirmatively authorizes the Central Authority through which service of process may be routed in conformity with articles 3–6. Article 5 prescribes that service may be effected according to the destination state's law. Rule 4(f)(1) thus affirms personal service effected through the Central Authority according to the methods for service authorized by the United Kingdom . Brockmeyer, 383 F.3d at 804; See Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd., Nos. C 07-04807 MHP, C 07-05597 MHP, 2008 WL 2095770, at *13 (N.D. Cal. May 14, 2008); Supra Med. Corp. v. McGonigle, 955 F. Supp. 374, 383–84 (E.D. Pa. 1997).

Second, Rule 4(f)(2)(A) specifically allows that service may be effected "in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction." Thus, personal service of a United Kingdom corporation served in the United Kingdom will be sufficient if it conforms to the rules of procedure for personal service of that country. Supra Med. Corp., 955 F. Supp. at 383–84. United Kingdom Civil Procedural Rule 6.4.4 provides that "a document is served personally on a company or other corporation by leaving it with a person holding a senior position within the company or corporation." U.K. C.P.R. 6.4.4. Senior position is defined as a director, treasurer, secretary chief executive, manager or other officer of the company." U.K. C.P.R. & Service Practice Direction 6.2(1).

Here, Plaintiffs personally delivered a summons and copy of the FAC to Albert Marshall at SCEE's London office. Plaintiffs, however, have not satisfied Rule 4(f)(1) to demonstrate that service was authorized by the Convention because the delivery of the FAC to Marshall at SCEE's London office was not effected through the Central Authority in accordance with United Kingdom law. Nor have Plaintiffs satisfied Rule 4(f)(2)(A) because Marshall does not hold a "senior position" as defined by the U.K. Service Practice Direction. Although Plaintiffs argue that service was sufficient because article 10(c) of the Convention permits personal service through "judicial officers, officials or other competent persons of the State of destination," this argument fails because article 10(c) does not affirmatively authorize such service—it merely states that the Convention does not interfere with this form of service when authorized by ratifying states. Brockmeyer, 383 F.3d at 804 (concluding that article 10 does not affirmatively authorize forms of service). Therefore, this Court finds that Plaintiffs' attempt to personally serve SCEE was insufficient.

C.   **Personal Jurisdiction**

Because proper service is threshold to entertaining jurisdiction and because jurisdiction is expected to be contested after Plaintiffs effect proper service, the Court refrains from deciding the issue today.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant SCEE's motion to dismiss to the limited extent that the service of process is quashed. Plaintiffs shall have ninety (90) days from the date of this Order to re-serve the summons and complaint in accordance with the Hague Convention and/or Rule 4(f). Proof of service shall be filed with the clerk of the court.

**IT IS SO ORDERED.**

Dated: July 10, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California